The Honorable George Hopkins State Senator Route 1, Box 488 Donaldson, AR 71941
Dear Senator Hopkins:
This is in response to your request for an opinion concerning ten issues relevant to the Hot Spring County Sanitation Authority. Most of the questions which you have asked can not be answered, due to the fact that the issues addressed are the subject of pending litigation in the case of Lutrell, et al. v. Francis, et al., No. E-87-128 (Hot Spring County, Ark.). The Attorney General has a long standing policy of not providing a legal opinion on issues which have been joined in a lawsuit. However, the final two questions contained in your opinion request are not directly addressed by the lawsuit. Therefore, the answers to your question numbers 9 and 10 are provided as follows:
 9. If the commissioners of the Hot Spring County SWA all received 5 year terms that were not staggered and all expire at the same time, then does this violate any law?
 No. The relevant statute leaves these terms to the discretion of the Authority. Ark. Stat. Ann. 82-2735 (Supp. 1985).
 10. Can the SWA constitutionally forbid any private trash collectors from conducting business in the county?
 Probably yes. The legislature has determined that the collection and disposal of solid wastes should be regulated in a manner which will: (a) protect the public health and welfare; (b) prevent water pollution or air pollution; (c) prevent the spread of disease and the creation of nuisances; (d) conserve natural resources; and (e) enhance the beauty and quality of the environment.
Ark. Stat. Ann. 82-2702 (Repl. 1976). The statutes establish a comprehensive system whereby counties and municipalities, together with the Department of Pollution Control and Ecology, shall regulate solid waste operations. Ark. Stat. Ann. 82-2701 — 82-2712 (Repl. 1976). A county is required by law to provide a solid waste management system, if necessary to meet the above-mentioned public purposes. Ark. Stat. Ann. 82-2706 (Supp. 1985). It therefore appears to be within the legislature's power to determine that the authority to create a monopoly for the provision of solid waste services may be given to counties and municipalities, or a combination thereof. The legislature has, in fact, determined that a sanitation authority may prohibit any other persons from handling solid wastes within the area served by the authority. Ark. Stat. Ann. 82-2740 (Supp. 1985).
It is a well-established rule that a statute is presumptively constitutional. Based upon the foregoing discussion, it appears that the prohibition of competing trash collectors would be a constitutional exercise of the state's powers and duty to protect the public health and welfare. It could be argued by competing trash collectors that the statute constituted a taking of property without just compensation. Resolution of the issue would depend upon whether the individuals had a property right to the continued operation of their businesses and would depend upon the particular facts and circumstances of the case.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Mary B. Stallcup.